UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | Case No. 1:21-cr-00250 (PLF) |
| **v.** : | |
| : | |
| **PHILLIP BROMLEY,** : | |
| : | |
| **Defendant.** : | |

**GOVERNMENT'S SUPPLEMENTAL SENTENCING BRIEF**

AND NOW, comes the United States of America, through its counsel, the United States Attorney for the District of Columbia, and Christopher M. Cook, Assistant United States Attorney, and respectfully submits this Supplemental Sentencing Brief. The following Supplemental Sentencing Brief is in response to the Court's Order dated May 10, 2022, requesting the parties to provide additional research regarding the applicability of Section 3C1.1 of the Sentencing Guidelines.

**Discussion**

First, although the Court had questions during the previous hearing that dealt with whether an "omission" qualified for obstruction purposes under 3C1.1, this case is not—or at least not entirely—an "omission" case. ████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████

While material provided to the court establishes that the defendant Bromley was specifically asked about violent or assaultive conduct that he had witnessed during his debrief with the FBI, the United States can, upon the Court's request, also make available to testify one of the FBI Agents who was present during this debrief. (The United States previously provided, in Exhibit A-1 to its sentencing memorandum, the FBI 302 from this debrief).

Second, even if Bromley's misrepresentation to law enforcement took the form of an "omission," such an omission could nonetheless support an enhancement for obstruction. Section 3C1.1 calls for an enhancement in a wide variety of contexts when a defendant makes a misleading misrepresentation that impedes or obstructs a criminal investigation or proceeding. Courts have concluded that a defendant's omission of material information from a report to a probation officer supports the enhancement. See *United States v. Miller*, 607 F.3d 144, 150–51 (5th Cir. 2010); *United States v. St. Cyr*, 977 F.2d 698, 704–06 (1st Cir. 1992); *United States v. Butters*, 44 F. App'x 192, 193–94 (9th Cir. 2002); *United States v. Wilson*, 630 F. App'x 422, 429–30 (6th Cir. 2015); *United States v. Hernandez-Ramirez*, 254 F.3d 841, 842-43 (9th Cir. 2001) (applying 3C1.1 enhancement based on "omission," that is, defendant's "failure to disclose his ownership interest in the Time Out Sports Bar"); *United States v. Rathod*, 826 F. App'x 527, 536 (6th Cir. 2020) (upholding 3C1.1 enhancement based on defendant's "failure to disclose" an additional business to his probation officer); *United States v. Schneider*, 72 F. App'x 369, 371 (6th Cir. 2003) (concluding that obstruction enhancement was warranted because the defendant's "failure to accurately disclose his assets interfered with the

sentencing court's capacity to gauge his ability to pay restitution"); *United States v. Jones*, 332 F. App'x 801, 805 (3d Cir. 2009) (upholding 3C1.1 enhancement based on defendant's willful failure to disclose ownership of a property to probation officer).

Application Note 4(G) lists "providing a materially false statement to a law enforcement officer that significantly obstructed or impeded the official investigation or prosecution of the instant offense" as conduct that will qualify for an enhancement.  In other contexts, courts have treated misleading omissions as a type of false statement. See, e.g., *United States v. Manning*, 526 F.3d 611, 613 (10th Cir. 2008); *United States v. Ely*, 142 F.3d 1113, 1119 (9th Cir. 1997). But even if the term "false statement" in Note 4(G) is construed narrowly as requiring an affirmative false statement, the application notes themselves make clear that the list of qualifying conduct in the notes is "non-exhaustive." U.S.S.G. § 3C1.1 cmt.4.  As those notes explain, "[o]bstructive conduct can vary widely in nature, degree of planning, and seriousness," and "the conduct to which this enhancement applies is not subject to precise definition." *Id.* cmt.3.  Thus, "[b]y providing non-exhaustive illustrations, the Sentencing Commission has left considerable discretion in applying § 3C1.1 to the sentencing court." *United States v. Maccado*, 225 F.3d 766, 769 (D.C. Cir. 2000). "In view of the variety of situations that might constitute obstruction of justice," the D.C. Circuit has explained, "the Commission necessarily relied on the district court's reasoned exercise of discretion in applying § 3C1.1 to particular fact patterns." *Id.*; *see also United States v. Nygren*, 933 F.3d 76, 84 (1st Cir. 2019) (citing *Maccado* and stating that "the application notes make pellucid that obstruction of justice is capacious enough to encompass a broad swathe of conduct").

Material misrepresentations to law enforcement officers that take the form of omissions should trigger an enhancement if the misleading omissions significantly obstructed or impeded

the official investigation or prosecution of the offense, including by causing delay. See *United States v. Ahmed*, 324 F.3d 368, 372 (5th Cir.2003) (citing § 3C1.1 cmt. n.4(G)); see also *United States v. Brooks*, 681 F.3d at 717 ("False statements which significantly delay an investigation and prosecution, even if not successful in preventing it, may provide a sufficient basis for an obstruction enhancement."). Accordingly, in *United States v. Phipps*, 319 F.3d 177 (5th Cir. 2003), the Fifth Circuit held that the enhancement under 3C1.1 applied where a defendant's misidentification of an accomplice in a kidnapping and carjacking delayed the law enforcement investigation for several months. *Id*.

Moreover, although application note 5(C) states that providing "incomplete or misleading information, not amounting to a material falsehood," to a probation officer does not qualify as obstruction, the Sixth Circuit interprets that to exclude immaterial omissions, not to exclude material omissions. See *United States v. King*, 559 F.3d 810, 815 (8th Cir. 2009) ("It is true that merely 'providing incomplete or misleading information, not amounting to a material falsehood' to a probation officer during a presentence investigation does not support an enhancement for obstruction of justice. U.S.S.G. § 3C1.1 cmt. n. 5(C). However, the omissions in this case were, in fact, material because the entire point of the investigation was to reveal what funds King had available to pay restitution."). Indeed, in *King*, the court upheld application of the 3C1.1 enhancement to a defendant who had only omitted information, despite note 5(C). That makes clear that the Sixth Circuit interprets material omissions as being, or being equivalent to for 3C1.1 purposes, a "material falsehood."

[redacted]

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

      Consistent with the plea agreement, the United States is providing this information in order to apprise the Court of all relevant material and in response to the Court's inquiry. Please do not hesitate to reach out should additional questions arise.

      Respectfully submitted,

      MATTHEW M. GRAVES  
      United States Attorney  
      D.C. Bar Number 481052

      */s/ Christopher Cook*  
      CHRISTOPHER COOK  
      Assistant United States Attorney (Detailed)