IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| V.  ) | CASE NO. 21-000250-001 |
| ) | |
| PHILLIP BROMLEY, ) | |
| ) | |
| DEFENDANT. ) | |

### RESPONSE TO GOVERNMENT SENTENCING MEMORANDUM

COMES NOW, Phillip Bromley, by and through undersigned counsel and hereby responds to the government's sentencing memorandum. Doc. 42.

**The Government's recitation of the facts includes other individuals' conduct, lacks context, and is at times inaccurate.**

The Government begins by hand-selecting, out of thousands of text messages over the course of months, certain texts to falsely portray the leap made by the Government that Mr. Bromley felt that the 2020 presidential election 'called for a violent response.' Further, the text messages and pictures do not reveal Mr. Bromley's intent on why he traveled to Washington D.C. This is made clear because Mr. Bromley's actual conduct on January 6th was substantially different compared to what he said privately to others after the 2020 election. The statements, many of which are distasteful, show the persona of someone prone to believe conspiracies. Mr. Bromley chose to go to Washington D.C. to attend a rally and sadly allowed his conduct to be affected by dangerous political rhetoric.

Contrary to the Government's conclusion that Mr. Bromley went to D.C. for the purpose of a "violent response," Mr. Bromley believed there to be a fight coming because he was aware of a fight between "patriots" and "blm/antifa" the day before. On January 6th, Mr. Bromley was not wearing tactical gear or a face covering, consistent with some who the Government is now trying to categorize Mr. Bromley with. Instead, he was wearing what anyone would wear on a cold day, a jacket, gloves, hat and scarf.

It is misleading for the Government to state that Mr. Bromley was among the first rioters to approach the east front doors. Mr. Bromley was in the back of the crowd of the rally, he was by no means leading a group of people - he was following a group of people. The Government then focuses on the conduct of Nix, not Mr. Bromley in what transpired with the Capitol Police at the doors. In the Government's own picture, Mr. Bromley is in the back of the crowd with his hands raised in a passive manner. Mr. Bromley did not 'berate' U.S. Capitol Police Officers, but told them to "remember your oath." That is not unlawful conduct. Mr. Bromley admitted and accepted responsibility for handing his cousin, Nix, an object that was used to bang on the door/window[1]. That object was an ink pen.

---

[1] The Government's assertion that Nix 'likely cracked the glass of the doors' window' is also misleading. *Id.* at 9. It is not supported by truth or evidence. If this window was cracked, there would be footage of it or a picture of the cracked window itself.



Mr. Bromley also did not know his cousin was going to assault one of the police officers, and was behind several people when the action took place. When Mr. Bromley did get close enough to his cousin, Mr. Bromley tried to stop his cousin from pursuing the officers, which he did. While the Government acknowledges that Mr. Bromley interceded and redirected Nix, they fail to give credit to him for why he was interceding. *Id.* at 7. Nix was pursuing officers with a flagpole and Mr. Bromley stopped him. While certainly not all of Mr. Bromley's conduct was lawful that day, this moment shows Mr. Bromley's character for peacefulness and is a more accurate depiction of who Mr. Bromley is as a person.

In total, Mr. Bromley was in the Capitol for roughly 9 minutes. *Id.* at 11. What others did at the Capitol seems to be the theme of the Government's sentencing memorandum. The fact that others chanted 'break it down' and attempted to breach

a barricade does not have anything to do with Mr. Bromley's conduct that day. *Id.* Mr. Bromley was not the sole cause of January 6th, nor is he in the classification of people that caused harm to others. He did hand his cousin an object (a pen) and entered the building, but his unlawful entrance cannot, and should not, be conflated with the many other wider failures and more severe conduct of others that day. To be clear, Mr. Bromley played no role in organizing January 6th, he did not incite others in the crowd, he did not lead a crowd, he did not steal anything, he did not break anything, he did not threaten anybody, and he assaulted no one.

[redacted]

███████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

█████████ Yelling to "remember your oath" is not a threat. Instead, the Government is attempting to place other people's conduct on Mr. Bromley and hold him responsible for it.

The Government is also inconsistent in their assertion that █████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████████████

Furthermore, the Government disclosing plea negation discussions is wholly improper and this is undersigned's first-time seeing plea negotiations contained in a sentencing memorandum. *Id.* at 14.

### **Mr. Bromley's conduct, not the conduct of others, should inform this Court's sentencing determination.**

> It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual

and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensure. *Gall v. U.S.,* 552 U.S. 38, 52 (2007) (quoting *Koon v. United States,* 518 U.S., 81, 113 (1996).

The Government has taken it upon themselves to self-create a list of "factors" to judge people by under 3553(a)(1). It is not up to the government to determine what factors are relevant and to compare Mr. Bromley to others whose conduct, offense, mental state, etc. differ from his. That is why the Court is tasked with sentencing each individual. This Court is tasked with sentencing the individual for the crime that he has plead guilty to, not a self-serving list of "factors," many not related to the offense plead guilty to, which is a misdemeanor. Each defendant is to be sentenced on their individual conduct. Even taking into consideration the Government's own list of factors, not supported by case law or any authority, Mr. Bromley should not be sentenced to a term of incarceration. For example, the Government acknowledges that Mr. Bromley's time in the Capitol is 'on par with other misdemeanants' but states that since he was forced out by law enforcement that it should not count in his favor. Doc. 42 at 24. This is a factor that the Government created that clearly weighs in Mr. Bromley's favor as does his abiding by the commands of law enforcement to leave the Capitol.

The Government also acknowledges that Mr. Bromley redirected Nix from following officers but somehow try to argue that his intent in doing so was criminal. *Id.* at 24-25. This is absurd, not only does the Government state that Mr. Bromley

patted Nix on the head to congratulate him, a fact not supported by evidence and made up, the Government states that Mr. Bromley redirected Nix to help get into the Capitol. *Id.* Mr. Bromley reacted to the violence that he saw by stopping Nix from pursuing other officers. Clearly that weighs in Mr. Bromley's favor as the Government's argument to the contrary is purely speculative and not supported by any facts or evidence.

His offense conduct, and not the offense conduct of others, should inform this Court's sentencing determination. Therefore, a non-custodial sentence would be appropriate under the circumstances of this case and would substantially meet the needs of sentencing as pronounced in 18 U.S.C. 5335(a).

RESPECTFULLY SUBMITTED,

*l/s Richard S. Jaffe*
RICHARD S. JAFFE

*l/s Michael W. Whisonant, Jr.*
MICHAEL W. WHISONANT, Jr.

OF COUNSEL:
JAFFE, HANLE, WHISONANT & KNIGHT, P.C.
2320 ARLINGTON AVENUE SOUTH
BIRMINGHAM, AL 35205
205-930-9800

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this the 3rd day of May 2022 served a copy of the foregoing by electronically filing to all parties involved.

*l/s Michael W. Whisonant, Jr.*
MICHAEL W. WHISONANT, Jr.